**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 22-cv-21262-MORENO/TORRES

CERTAIN UNDERWRITERS AT
LLOYDS OF LONDON,

      Plaintiff,

v.

SCENTS CORPORATIONS,
doing business as PERFUMES OF
THE WORLD,

      Defendant.

_____/

**<u>REPORT AND RECOMMENDATION ON DEFENDANT'S BILL OF COSTS</u>**

This cause comes before the Court on Defendant's, Certain Underwriters at Lloyds of London's ("Defendant"), Bill of Costs [D.E. 75] and supporting memorandum of law [D.E. 76] against Plaintiff, Scents Corporations ("Plaintiff"). Plaintiff timely responded to the motion [D.E. 79], to which Defendant replied. [D.E. 81]. The motion, therefore, is ripe for disposition.[1] After careful review of the briefing and relevant authorities, and for the reasons set forth below, we recommend that Defendants' Motion for Bill of Costs be **GRANTED in part** and **DENIED in part**, and that Defendant be awarded $5,679.97 in taxable costs.

---

[1] On August 16, 2024, the Honorable Federico A. Moreno referred this matter to the Undersigned Magistrate Judge for a Report and Recommendation. [D.E. 84].

## I.   BACKGROUND

This case arises out of a large shipment of perfume products. Essentially, that shipment went awry and a dispute arose as to who bore the risk of loss. Ultimately, the Court granted summary judgment in Defendant's favor [D.E. 72], and subsequently entered a Final Judgment in Defendant's favor. [D.E. 73].

In the pending motion, as the undisputed prevailing party, Defendant seeks to tax certain costs related to six depositions conducted for this case. While Plaintiff does not challenge Defendant's entitlement to costs, Plaintiff does assert certain objections to Defendant's Bill of Costs. Those objections encompass video deposition costs, exhibit costs, and a charge for the late cancellation of a deposition.

Separately, Defendant seeks an order compelling Plaintiff to complete a post-judgment fact information sheet. Plaintiff, meanwhile, argues that it should be exempt from completing a Fact Information sheet based on the size and intricacy of its corporate structure.

## II.   ANALYSIS

We will first assess Defendant's motion to tax costs before addressing Defendant's motion to compel Plaintiff's completion of a Fact Information sheet.

### A. *Costs*

Under Fed. R. Civ. P. 54(d)(1), a prevailing party is entitled to recover costs as a matter of course unless directed otherwise by a court or statute. A strong presumption exists in favor of awarding costs. *Id*. A court may tax as costs those expenses enumerated in 28 U.S.C. § 1920. *See Crawford Fitting Co. v. J.T. Gibbons,*

*Inc.*, 482 U.S. 437, 445 (1987) (absent explicit statutory or contractual authorization, federal courts are bound by the limitations set out in § 1920). "To defeat the presumption and deny full costs, a district court must have a sound basis for doing so." *Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000).

Pursuant to section 1920, a court may award the following costs:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title; and
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Here, Plaintiff asserts three objections to Defendant's bill of costs, which we will address in turn.

## 1. *Video Deposition Costs*

Plaintiff seeks to deduct $4,223.50 for costs associated with video depositions. In support, Plaintiff argues that Defendant has not carried its burden of showing that these video deposition costs were necessary, as the case did not reach trial and the videos ostensibly were not used in the summary judgment briefing.

In response, Defendant argues that each of the videos was ordered for use during the trial because Plaintiff indicated that the deponent-witnesses would testify either live or via their depositions. Additionally, Plaintiff argues that it was difficult to procure the deponent's attendance at depositions, and so their live attendance at trial was uncertain.

The Court agrees with Plaintiff that Defendant has not carried its burden of demonstrating the video deposition costs are taxable. That burden requires "the prevailing party [to] explain why it was necessary to obtain both regular transcripts and videotaped copies." *Bluegreen Vacations Unlimited, Inc. v. Timeshare Laws. P.A.*, No. 20-CV-24681, 2024 WL 2749298, at *6 (S.D. Fla. May 8, 2024), *report and recommendation adopted*, 2024 WL 2747112 (S.D. Fla. May 29, 2024).

Here, Defendant contends that it had difficulty procuring the deponent's appearances and cites as support Defendant's motion to extend the discovery deadline. [D.E. 38]. But nothing in that motion indicates that the deponents ever failed to appear at a deposition, nor did the deponents ever represent that they would refuse to appear at a deposition or at trial. In fact, at the time of that motion, Defendant was in the process of meeting and conferring with each of the identified witnesses, except for one witness—a defunct entity who Defendant was having trouble locating for service. Defendant, therefore, has little-to-no tangible support for its suspicion that the witnesses would not appear at trial.

And Defendant especially makes no specific showing as to each witness; it levies only a broad argument that apparently encapsulates each deponent with equal force. Surely, Defendant was entitled to indulge its lofty suspicions that the witnesses would not appear at trial by ordering video copies of the depositions; but Defendant has not shown that it is entitled to pass those costs off to Plaintiff. *See Bluegreen Vacations Unlimited, Inc. v. Timeshare Laws. P.A.*, No. 20-CV-24681, 2024 WL 2749298, at *7 (S.D. Fla. May 8, 2024), *report and recommendation adopted*, 2024 WL

2747112 (S.D. Fla. May 29, 2024) (declining to tax video deposition costs because the movant "fail[ed] to describe why they could not count on" the subject witnesses to appear at trial, and thus, "[w]ithout any additional details, the Undersigned is not willing to accept Plaintiffs' wholly conclusory explanation as to why these videotaped deposition costs were necessary"); *Rubinstein v. Keshet Inter Vivos Tr.*, No. 17-61019-CIV, 2019 WL 8275157, at *6 (S.D. Fla. Dec. 17, 2019), *report and recommendation adopted*, 2020 WL 1445472 (S.D. Fla. Jan. 24, 2020) (declining to tax video deposition costs where the movants did not "present[ ] any compelling reason for the recovery of videotaped depositions" such as, "for example, that certain witnesses were uncooperative or failed to appear at prior depositions or court proceedings"); *Fernandez v. Seaboard Marine, Ltd.*, No. 20-25176-CIV, 2023 WL 2140476, at *4 (S.D. Fla. Feb. 2, 2023), *report and recommendation adopted sub nom.*, 2023 WL 2137410 (S.D. Fla. Feb. 21, 2023) (denying video deposition costs, except for one witness (who was 92 years old) out of twelve witnesses, because the movant's "broad explanation fail[ed] to satisfy the requirement in this district that the defendant show a deponent was 'uncooperative' or whose attendance 'is uncertain'"); *cf. State Farm Fire & Cas. Co. v. King Sports, Inc.*, 841 F. Supp. 2d 1317, 1319 (N.D. Ga. 2012) (awarding video deposition costs where the movant demonstrated that the deponent "was very uncooperative in communicating with State Farm, he failed to appear for one scheduled deposition, and he appeared late for another scheduled deposition," and therefore, the movant "had strong reason to suspect that Lee might fail to appear at trial").

Had Defendant made a supported showing that all or some of the deponent-witnesses were not cooperative, or refused to be deposed or appear at trial, perhaps Defendant's argument would be more convincing. But Defendant has not corroborated its suspicions and we could not simply take Defendant's word for it; thus, Defendant's motion to tax $4,223.50 in video deposition costs should be denied.

### 2. *Miscellaneous Costs*

Moreover, Plaintiff challenges Defendant's effort to tax exhibits, mini transcripts, and administrative fees because generally these items are not recoverable. Plaintiff, conversely, responds that the exhibits fees should be awarded because they were "necessary and used" in the summary judgment briefing, and both parties "listed the deposition exhibits in their exhibit lists." [D.E 81 at 3]. Plaintiff advances no argument, however, as to why it should be entitled to mini transcripts and administrative fees.

As an initial matter, the Court should deny Defendant's motion to tax $50.00 for a mini transcript and $360.00 in administrative fees,[2] as Plaintiff has made no attempt to show why such costs should be taxed. Thus, on that score, $410.00 should be deducted from Defendant's Bill of Costs.

As to the deposition exhibits, the Court finds that Plaintiff's objection should be overruled. Defendant argued both in its motion and reply that the exhibits were used for summary judgment briefing and that the deposition exhibits were listed in the parties' exhibit lists. Plaintiff, meanwhile, has made no effort to dispel

---

[2] Additionally, Defendant concedes in its Reply that it is no longer "seeking taxable costs for fees associated with the administrative fees." [D.E. 81 at 1, n.1].

Defendant's argument, and failed altogether to even address Defendant's argument in its response.

Thus, we recommend that as to the costs sought to be taxed for deposition exhibits, Plaintiff's objection should be overruled and no deduction should be made from Defendant's Bill of Costs. *See Matamoros v. Broward Sheriff's Off.*, No. 18-CV-62813, 2022 WL 484828, at *3 (S.D. Fla. Jan. 31, 2022), *report and recommendation adopted,* 2022 WL 479883 (S.D. Fla. Feb. 16, 2022) (awarding deposition exhibit costs where the movant "assert[ed] that the copies were necessary and used in connection with Defendant's Motion for Summary Judgment"); *Hammonds v. Theakston*, No. 4:16-CV-1558-KOB, 2021 WL 5989079, at *4 (N.D. Ala. Dec. 17, 2021) (awarding deposition exhibit costs in light of an unpersuasive objection where the movant made a showing that they were necessarily obtained).

### 3. *Late Cancellation Costs*

Plaintiff also objects to the $300.00 Defendant seeks to tax for the late cancellation of a deposition. To that end, Plaintiff asserts that Defendant provides no authority that supports the cost being taxable. Defendant, meanwhile, provides case law in its reply to support an instance in which this cost was indeed taxable.

The Court agrees with Plaintiff that, here, the $300.00 cancellation cost should not be taxed. In this Circuit, there is myriad support that "[c]ancelation fees are not recoverable under § 1920," and specifically where the deponent's failure to appear or request for cancellation is at no direct fault of the non-moving party. *See Blanco v. Samuel*, No. 21-CV-24023, 2023 WL 4160667, at *9 (S.D. Fla. Apr. 14, 2023), *report*

*and recommendation adopted*, 2023 WL 4160639 (S.D. Fla. June 23, 2023) (denying motion to tax cancellation fees because "[c]ancelation fees are not recoverable under § 1920"); *Henry v. Celebrity Cruises, Inc.*, No. 21-20148-CIV, 2022 WL 17994276, at *3 (S.D. Fla. Nov. 21, 2022), *report and recommendation adopted*, 2022 WL 17986794 (S.D. Fla. Dec. 28, 2022) (denying motion to tax cancelation fees because "Plaintiff provides no information how these cancellation fees fall within § 1920(2)"); *George v. Chipotle Mexican Grill Serv. Co.*, No. 6:12-CV-845-ORL, 2014 WL 5426519, at *4 (M.D. Fla. Oct. 24, 2014) (noting that "[c]ancellation fees are not listed as a recoverable cost under § 1920" and concluding that "[t]he record reflects that both parties noticed Ms. Reyes' deposition, and that neither party was responsible for Ms. Reyes' failure to appear for her first scheduled deposition. In light of the foregoing, the undersigned finds that Defendants are not entitled to recover the cancellation fee."); *Gallimore v. City of Opa-Locka*, No. 1:22-CV-22526-KMM, 2023 WL 9690520, at *3 (S.D. Fla. Oct. 11, 2023), *report and recommendation adopted*, 2024 WL 664292 (S.D. Fla. Feb. 16, 2024) (quoting *Blanco*, 2023 WL 4160667, at *9) (declining to tax costs for cancellation of deposition because "[c]ancelation fees are not recoverable under § 1920").

Accordingly, we recommend that $300.00 be deducted from Defendant's Bill of Costs.

### 4.  *Unadvanced Objections*

We note that, in the chart in which Plaintiff summarizes its objections, Plaintiff seems to lodge certain objections that it does not support or advance in the body of its written memorandum. Thus, the Court overrules those extraneous objections; we are under no duty to scrutinize those underlying costs where the Defendant has "declined to do so [itself]." *See Bradfield v. Mid-Continent Cas. Co.*, No. 5:13-CV-222-OC-10PRL, 2016 WL 9444139, at *11 (M.D. Fla. Oct. 12, 2016), *report and recommendation adopted,* No. 5:13-CV-222-OC-10PRL, 2016 WL 9444158 (M.D. Fla. Nov. 3, 2016) (overruling the non-movant's objection to a bill of costs because the non-movants "have made little more than a passing objection, and do not even argue that the copying costs were not reasonably necessary. Absent more specific objections, the Court is in no position to speculatively pick apart [the underlying costs] when [the non-movants] have declined to do so themselves. Plaintiffs have failed to meet their burden of demonstrating that any of the copying costs claimed by Defendant are not taxable."); *Adderley v. Three Angels Broad. Network, Inc.*, No. 18-23362-CIV, 2020 WL 1808209, at *2 (S.D. Fla. Apr. 9, 2020) (overruling objection to a bill of costs because the non-movant "[f]ailed to satisfy his burden of showing that the depositions costs at issue were not taxable").

### B. *Fact Information Sheet*

Lastly, Plaintiff objects to Defendant's request for an order compelling Plaintiff to complete a Fact Information Sheet. To that end, Defendant argues that because it is an ostensibly large and intricate entity, "[h]aving to require [Defendant] to complete a Fact Information Sheet for what amounts to a less than $4,000 costs

award is clearly not warranted, is unreasonable, excessive and should not be ordered." [D.E. 79 at 5].

Plaintiff, however, cites to no authority that supports its proposition and we will not do that work on Plaintiff's behalf. Thus, Plaintiff's argument, standing alone and with no support, fails to undercut Florida law's mandate that this Court "shall order" the judgment debtor to complete a Fact Information Sheet upon request. *See* Fla. R. Civ. P. 1.560 ("[T]he court, at the request of the judgment creditor, shall order the judgment debtor or debtors to complete form 1.977, including all required attachments, within 45 days of the order or such other reasonable time as determined by the court.").

Surely, if Defendant timely pays its debt before the Fact Information Sheet becomes due, it can moot its duty to complete this apparently cumbersome task. Or, if the burden is truly strenuous for Plaintiff, it can move for an extension of time to complete and serve the Fact Information Sheet.

But that said, we recommend that Plaintiff be compelled to complete a Fact Information Sheet (i.e., a form 1.977 pursuant to Fla. R. Civ. P. 1.560), within 45 days of the Order that follows this Report and Recommendation.

### III.   CONCLUSION

For the reasons set forth above, Defendants' Bill of Costs [D.E. 75] should be **GRANTED in part** and **DENIED in part**, and Defendants' motion to compel Plaintiff's completion of a fact information sheet should be **GRANTED**.

**A.** Defendants' Bill of Costs should be granted in the amount of $5,679.97, which accounts for a $300.00 deduction for Defendant's effort to tax the cancellation of a deposition; a $50.00 deduction for Defendant's effort to tax a mini deposition transcript; a $360.00 deduction for Defendant's abandoned effort to tax administrative fees; and a $4,223.50 for Defendant's effort to tax video deposition costs.

**B.** The $5,679.97 remaining from Defendant's Bill of Costs should be awarded in light of either unmeritorious objections from Plaintiff, or no objection at all from Plaintiff.

**C.** Additionally, we recommend that Plaintiff be ordered to complete a Fact Information Sheet pursuant to Fla. R. Civ. P. 1.560 within 45 days of the Court's Order that follows this Report and Recommendation.

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties have fourteen (14) days from service of this Report and Recommendation within which to file written objections, if any, to the District Judge. Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

12

**DONE and SUBMITTED** in Chambers in Miami, Florida this 1st day of

October, 2024.

/s/ *Edwin G. Torres*

EDWIN G. TORRES
United States Magistrate Judge

12